UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONALD TUTTLE** | : | **DOCKET NO. 2:22-cv-0670** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Ronald Tuttle, who is proceeding *pro se* and *in forma pauperis* in this matter. Tuttle is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO). This matter has been referred to the undersigned under 28 U.S.C. § 636 and the standing orders of the court for initial review.

### I.
#### BACKGROUND

Plaintiff alleges that between February 11, 2021, and February 25, 2021, there was no hot water, showers, or heat at FCIO. Doc. 1, p. 3. For nine days in that month, there were no working toilets. *Id*. Moreover, inmates were not given cleaning supplies. *Id*. In the "interest of justice," he seeks monetary damages for the "cruel and unusual punishment suffered." *Id*. At p. 4.

### II.
#### LAW & ANALYSIS

*A. Frivolity Review*

Tuttle has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B.  FTCA

Under the FTCA, the United States has consented to be sued for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This limited waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Johnson v. United States*, 2000 U.S. Dist. LEXIS 9815, 2000 WL 968795, *2 (D. Kan. June 27, 2000)(*citing Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). "Courts must strictly construe all waivers of the federal government's sovereign immunity and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States,* 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Village*, Inc., 112 S. Ct. 1011 (1992)).

"A 'condition of confinement' case is a '[c]onstitutional attack[ ] on general conditions, practices, rules, or restrictions of pretrial confinement." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (quoting *Hare v. City of Corinth, Miss*., 74 F.3d 633, 643 (5th Cir. 1996). When such allegations make up the basis of a claim, a *Bivens* civil rights action is the appropriate manner in which to present the claim to a court. See *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994). Examples of condition of confinement claims arise where "inadequate food, heating or sanitary conditions" constitute the harm alleged. *Scott*, 114 F.3d at 51, 53. Other examples include the number of beds in a cell, overcrowding and restrictions on privileges. *Id.* at n.2. While such claims may be asserted against federal officials, the United States is not "vicariously liable for constitutional torts of its officials" since the United States has not waived sovereign immunity from such actions. *Brown v. United States*, 653 F.2d 196, 199 (5th Cir. 1981).

### C. *Application*

The Plaintiff's allegations fall within the scope specifically classified by the Fifth Circuit as constitutional "conditions of confinement" claims against the United States. *Aguilar v. United States,* Civil Action No. 1:16-cv-048, 2017 U.S. Dist. LEXIS 206278 (S.D. Tex. June 7, 2017) *(*citing *Scott*, 114 F.3d at 53 (noting in "jail condition cases, the conditions themselves constitute the harm"). For example, Plaintiff alleges that for a period of time in February 2021, inmates at FCIO were without hot water, heat and working toilets.  Doc. 1, p. 3. He also complains of leaking toilets and lack of cleaning supplies.  *Id.*  Since the United States has not waived sovereign immunity for such actions, Plaintiff's claim should be dismissed without prejudice for lack of subject-matter jurisdiction. *See Sanchez v. Rowe*, 870 F.2d 291, 295 (5th Cir. 1989) ("[S]uits for violations of federal constitutional rights, even though tortious in nature, are not within the scope

of the FTCA. Because '[b]y definition constitutional torts are not based on state law,' the FTCA does not provide a cause of action for constitutional torts." (citations omitted)); See *Hix v. U.S. Army Corps. of Engineers*, 155 F. App'x 121, 128 (5th Cir. 2005) (holding a claim should be dismissed without prejudice where a district court does not reach the merits of the claim and does not have jurisdiction to do so).

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

THUS DONE AND SIGNED in Chambers this 17th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE